**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,        )<br>                                               )<br>            Plaintiff,                    )<br>                                               )<br>vs.                                           )<br>                                               )<br>Webster W. Norris III,            )<br>                                               )<br>            Defendant.               )<br>_____)  | No.CR 08-1523-PHX-MHM<br><br>**ORDER** |

Currently before the Court is the Government's Motion to Admit Evidence of Other Acts (Dkt.#32). After reviewing the papers, the Court issues the following Order.

**I. Motion to Admit Evidence of Other Acts**

Defendant is charged with Count 1: Second Degree Murder, in violation of 18 U.S.C. §§ 1153, 111 and Count 2: Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 1153, 113(a)(6). The Government seeks to prove that on September 20, 2008, Defendant was driving his vehicle while severely intoxicated and hit a bicyclist on the roadway who died as a result of Defendant's conduct.

In order to prove malice, the intent element for Second Degree Murder, the Government moves to admit evidence of acts involving the Defendant's history of drunk driving. The Government initially moved to admit events dating back to 1984 (Dkt.32 at 6); however, in the course of the briefing, in order to "simplify the evidence, and to reduce the prejudice to

the Defendant," the Government revised its request and submitted that at a minimum, the following evidence should be admitted:

> 1. Evidence regarding Defendant's conviction for DUI in Tempe in 1995 and that he ultimately ended his prison term in 2005 for the offense.
>
> 2. Evidence that Defendant completed two classes entitled "State of Arizona D.U.I. Advanced Chemical Dependency Lectures," which lasted for a combined total of 36 hours.
>
> 3. Evidence regarding the fact that Defendant's license was revoked due to the Tempe conviction and not reinstated until July 2008.
>
> 4. Evidence regarding the fact that the Defendant was arrested for driving drunk on the Gila River Indian Reservation on 6/13/07.
>
> 5. Evidence regarding the fact that the Defendant was arrested for driving drunk on the Gila River Indian Reservation on 8/18/07.

(Dkt.#39 at 2)

**A.   The Standard**

Federal Rule of Evidence 404(b) governs when evidence of other acts is admissible:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, *knowledge*, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

(Emphasis Added.)  The Ninth Circuit has held that such evidence is admissible if the evidence (1) proves a material element of the crime charged, (2) is not too remote in time, (3) is proven with sufficient evidence, and (4) shows similarity between past and charged conduct. United States v. Hinton, 31 F.3d 817 (9th Cir. 1994).  In addition, the probative value of the other act must not be substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403.  A district judge is "accorded wide discretion in

deciding whether to admit such evidence" relating to other acts. Hadley, 918 F.2d 848, 850 (9th Cir. 1990). Each element is discussed below.

**B.    Rule 404(b)**

**1.    Materiality**

The Government seeks to admit the other act evidence to prove malice in the second-degree murder charge as well as Defendant's knowledge of the dangers of drunk driving. The Defendant's grounds for disputing this element of the analysis are not clear, aside from Defendant's generic statement that the acts from July 1995 to May 2005 "have little materiality as it relates to any issue in this case." (Dkt.# 36 at 6) The Defendant appears to be arguing that the fact that he was incarcerated, that his probation was violated, that he entered a transitional living center, and that he attended various programs relating to drunk driving while on probation would only serve to prejudice the jury while "saying virtually nothing about intent." (Dkt.# 36 at 6)

However, other courts that have considered this issue have held that such evidence is directly relevant to malice aforethought, one of the required elements of second degree murder. See, e.g., United States v. Loera, 923 F.2d 725, 729 (9th Cir. 1990) (reversing trial court that excluded evidence of prior DUIs in order to prove malice for second degree murder; the Ninth Circuit explained that " number of state courts have addressed this issue and have also held prior [DUI] convictions were properly admitted to establish the element of malice required for the proof of second-degree murder"); United States v. Chippewa, 1998 WL 123150 at *1 (9th Cir. March 17, 1998) (explaining that "evidence of the defendant's prior DUI convictions was properly admitted because the issue of malice aforethought [for the second degree murder charge] was properly before the jury"); United States v. Tan, 254 F.3d 1204, 1210 (10th Cir. 2001) (reversing trial court's decision to exclude 7 DUI convictions because the court found that "[f]rom the number of convictions, the jury could infer that Defendant does not care about the risk he poses to himself and others since he continues to drink and drive" and explaining that "such evidence is highly probative of malice"); United States v. Fleming, 729 F.2d 945, 949 (4th Cir. 1984) (holding that DUI

1 convictions are relevant and properly admissible "to establish that the defendant had grounds
2 to be aware of the risk his drinking and driving while intoxicated presented to others."

    **2.    Remoteness**

The Government initially sought to admit evidence relating to DUI charges dating back to 1984. The Defendant protested, arguing that such convictions were too remote in time. Specifically, Defendant challenged convictions dating from "nearly 14 years ago up through 25 years ago." (Dkt.# 35 at 6) The Defendant does not appear to be challenging the remoteness of evidence less than 14 years old in his brief; however, he contested the use of this evidence at oral argument.

While the Ninth Circuit has rejected "arbitrary or numerical limits on the district court's discretion in admitting evidence of prior bad acts," an examination of Ninth Circuit precedent serves as a guide for what time periods should be considered too remote for purposes of Rule 404(b). Chippewa, 1998 WL 123150 at *1 (citing United States v. Loera, 923 F.2d 725 (9th Cir. 1990).

In United States v. Tan, the Court held that a DUI record that spanned 14 years was not too remote. The defendant in Tan had been "convicted of driving while intoxicated seven times since 1985." 254 F.3d 1204. The date of the DUI accident at issue in the case was May 29, 1999. Id. Simple arithmetic yields the logical inference that circuit courts have not found 14 years between a conviction and a subsequent offense too remote for Rule 404(b) purposes. Another Ninth Circuit case, United States v. Johnson, 132 F.3d 1279 (9th Cir. 1997) affirmed the use of evidence of other acts including prior sexual abuse that was 13 years old. Johnson did not specifically reference any dates of prior conviction; it merely stated that witness testimony that was 13 years old was not too remote to forbid its use under Rule 404(b). Id. at 1283.

Here, the 1995 Tempe arrest resulted in a 1997 conviction, according to Defense counsel. There are thus approximately 13 years between the date of the arrest and the date of the incident currently at issue, September 20, 2008. There are approximately 11 years between the date of conviction and the date of the offense currently at issue.

Based on Ninth Circuit precedent, this Court holds that evidence greater than 14 years is unnecessarily cumulative and prejudicial; it is too remote to survive this aspect of the test. However, evidence that is less than 14 years old (specifically, beginning with the Tempe arrest in 1995 and subsequent conviction in 1997) appears sufficiently proximate to survive, if the other factors of the test are met.

### 3. Sufficiency

Defendant argues that the two most recent DUI arrests (June 13, 2007 and August 18, 2007) are not convictions and that the mere arrests are not evidence of guilt. However, as the Government correctly points out, Rule 404(b) is not limited to "convictions," but includes "other acts." The fact that Defendant was not convicted does not automatically preclude the Government from introducing evidence that he was arrested. The standard of proof for evidence of other acts is simply whether a jury could reasonably conclude that the act occurred and the defendant was the actor by a preponderance of the evidence. United States v. Hadley, 918 F.2d 848, 851 (9th Cir. 1990); Huddleston v. United States, 485 U.S. 681, 681 (1988). Other courts have admitted evidence of prior arrests so long as the prior arrests establish a material element of the crimes charged and the mandates of Rule 404(b) are met. United States v. Pitts, 6 F.3d 1366, 1371 (9th cir. 1993) (evidence of defendant's previous arrest for possession of sawed-off shotguns admissible to corroborate testimony of a witness in a drug case.)[1]; United States v. Basinger, 60 F.3d 1400, 1408 (9th Cir. 1995) (evidence regarding prior arrest regarding drugs admissible to show knowledge in charged drug offenses); United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (in drug

---

[1] In Pitts, the Ninth Circuit added the element that Rule 404(b) evidence introduced to corroborate crucial prosecution testimony must corroborate a significant matter and the corroboration must be direct. 6 F.3d at 1371. Counsel for Defendant argued orally that the prior DUI arrests fail this test. However, since the DUIs are not being offered to corroborate other testimony, but merely as evidence of malice aforethought, the corroboration portion of Pitts is not directly applicable. Even assuming for the sake of argument that this portion of Pitts applied, the malice aforethought element is a significant matter for the second degree murder charge and evidence of the prior DUI arrests directly corroborates whether the defendant acted with malice aforethought.

prosecution, the district court did not abuse discretion in admitting evidence that defendant had a prior conviction for the possession of hashish smuggled into the country; the Ninth Circuit explained that "[w]e have uniformly recognized that the rule is one of inclusion and that other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity.").

The Court held an evidentiary hearing regarding the June 13, 2007 arrest of Defendant in which two police officers involved in the arrest testified before the Court. The officers testified that Defendant was driving under the speed limit and far in excess of the speed limit, that he drove on the shoulder of the road and that he crossed to the wrong side of the road and that he his eyes were red. They also testified that they smelled a strong odor of alcohol, that there was an eighteen-pack of Budweiser beer in the vehicle with only 10 cans left, that Defendant's speech was slurred, and that he was unable to balance himself. Both officers were trained and familiar with investigating DUI offenses. They testified that Defendant was angry, that he was swearing at the officers, and that he later kicked out the window of the police car. One officer observed that he had a wet spot on the crotch of his pants. Both officers recognized Defendant to be impaired and a danger while driving. No evidence was presented except the officers' testimony and the Government's exhibits. Based on the evidence, the Court concluded that the State had shown by a preponderance of the evidence that Defendant was arrested for driving drunk on June 13, 2007.

The Court also held an evidentiary hearing regarding the August 18, 2007 arrest of Defendant. One police officer testified that Defendant was driving at approximately 20 miles per hour in a 50 mile per hour zone and that he came to a complete stop at least twice. The same officer testified that Defendant was belligerent and aggressive, that his eyes were bloodshot, and that a strong odor of alcohol emanated from Defendant. He also testified that Defendant's speech was slurred and that he saw an open container of Budweiser beer inside Defendant's vehicle. Based on the officer's ten years of experience, he also testified that he believed that Defendant was driving while intoxicated. No evidence was presented besides the officer's testimony. Based on the testimony, the Court concluded that the State had

shown that by a preponderance of the evidence that Defendant was arrested for driving drunk on August 18, 2007.

Based on these hearings, the Court finds that the Government has sufficiently established that Defendant was arrested for driving while intoxicated on June 13, 2007 and August 18, 2007 by the preponderance of the evidence and that these prior offenses have been proven with sufficient evidence to show these prior acts were committed.

### 4. Similarity

"Similarity, like proximity in time, is not a prerequisite having independent force, but rather a factor pertinent to rational appraisal of the probative value of the evidence in relation to the purpose for which it is being offered." United States v. Ramirez-Jiminez, 967 F.2d 1321, 1326 (9th Cir. 1992). The degree of similarity required depends on the "eventual hypothesis which is being employed." Id. at 1326. When offered to prove knowledge the other act need not be similar as long as the other act is one which would "tend to make the existence of the defendant's knowledge more probable than it would be without the evidence." Id. Defendants' prior convictions, arrests, and schooling in the dangers of driving drunk are similar to the present offense in that both relate to drunk driving; however, they are dissimilar in that none of the prior offenses resulted in another's death. However, given that the evidence is being offered to prove malice aforethought, the Court finds that they are sufficiently similar to pass this prong of the analysis.

The Court has reviewed Defendant's Motion for Reconsideration (Dkt.#55) in which Defendant argues that "[t]he government is not attempting to prove a unique intent as was the case in United States v. Hadley, 918 F.2d 848 (9th Cir. 1990) or United States v. Johnson, 132 F.3d 1279 (9th Cir. 1997). Defendant points out that in these sexual abuse cases, the intent element of the prior sexual abuse was the same as the intent element for which the defendants were then being charged. However, Defendant does not address Tan, where the intent element was *not* the same, but rather involved driving while intoxicated (for the priors) and malice (for the second degree murder charge at issue in the appeal). 254 F.3d at 1204; see also Chippewa, 1998 WL 123150 at *1 (explaining that evidence of "multiple alcohol-

related driving incidents" was properly admitted as evidence of intent for second degree murder; presumably, none of the prior multiple alcohol-related driving incidents involved second degree murder or the court would have said so). It appears that if the Ninth Circuit intended to require the same level of intent to be present in the prior bad acts, it would have articulated this rule. Instead, it has directed merely that the acts be *similar*. As explained above, the DUI conviction from 1997, the certificates of completion for the alcohol dependency classes, and the 2007 DUI arrests are sufficiently similar to the charges at issue here (as they all involve DUI or aggravated DUI) to be admitted for Rule 404(b) purposes.

**C.    Rule 403**

Under Rule 403, evidence should not be admitted if its probative value is substantially outweighed by the danger of unfair prejudice. Here, the probative value is high. See United States v. Loera, 923 F.2d 725, 729 (9th Cir. 1990) (explaining that "prior misdemeanor convictions for driving while intoxicated are 'relevant to establish that the defendant had grounds to be aware of the risk his drinking and driving while intoxicated presented to others'") Defendants lengthy history of incidents relating to drunk driving provides evidence that he was aware of the risks of driving while intoxicated, a factor that is directly relevant to the issue of malice; however, the Court is mindful that the danger of prejudice is also present. Other courts in similar circumstances have dealt with the possibility of prejudice through a limiting instruction. See, e.g., Hadley, 918 F.2d at 852 (explaining that the trial court "properly instructed jurors that they could use the prior bad acts evidence to establish intent and motive only if they first found that the other evidence established beyond a reasonable doubt that Hadley committed the acts charged"). The Court will therefore allow the evidence to be admitted with a similar limiting instruction to the jury.

However, in order to minimize the danger of any unfair prejudice to the Defendant, the evidence is to be presented in the most summarized form possible. For example, the mere fact of the 1995 Tempe DUI conviction will be admitted; however, the underlying facts relating to the crime will not, unless Defendant disputes the fact that he was convicted, in which case the Government will be entitled to present proof of the conviction to the jury.

Similarly, the fact that Defendant was arrested June 13, 2007 and August 18, 2007 for driving while intoxicated will be admitted; however, the underlying facts relating to the arrest will not be admitted unless the Defendant decides to have the presented. The certificates of completion regarding the State of Arizona D.U.I. Advanced Chemical Dependency Lectures will similarly be admitted; however, no questions regarding the fact that Defendant was incarcerated at the time of these courses will be allowed.

**Accordingly,**

**IT IS HEREBY ORDERED** granting the Government's Motion to Admit Evidence of Other Acts (Dkt.# 32) and admitting evidence of Defendant's 1995 Tempe DUI; the fact that Defendant completed two classes entitled "State of Arizona D.U.I. Advanced Chemical Dependency Lectures," which lasted for a combined total of 36 hours; the fact that Defendant's license was revoked due to the Tempe conviction and not reinstated until July 2008; Defendant's June 13, 2007 DUI arrest; and Defendant's August 18, 2007 DUI arrest.

**IT IS FURTHER ORDERED** denying Defendant's Motion for Reconsideration [55].

DATED this 23rd day of June, 2009.

_____
Mary H. Murguia
United States District Judge